# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD WHITE, | ) | CASE NO. 5:07cv1538 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| PRO CAR AUTO GROUP, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff filed this action in the Common Pleas Court of Summit County, Ohio, on April 20, 2007.  Defendant removed the action to this Court on May 25, 2007, pursuant to 28 U.S.C. §§ 1331 and 1441, as Plaintiff had asserted claims under the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq.  On August 1, 2007, Plaintiff filed an amended complaint dismissing the Truth-in-Lending Act claims.

This action is before the Court upon plaintiff's amended complaint.  The Court has also considered the briefs submitted according to its order on August 2, 2007.  For the reasons stated below, the Court remands the case to state court.

Plaintiff's amended complaint contains only state law claims.  Federal courts have the power to exercise supplemental jurisdiction where the state and federal claims derive from a common nucleus of operative facts and the federal claim has sufficient substance to confer subject matter jurisdiction. 28 U.S.C. § 1367; *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  Where, as here, all federal claims have been dismissed, the Court has discretion as to whether to maintain jurisdiction over remaining state law claims.  28 U.S.C. §1367(c).

Defendants argue that because one of Plaintiff's remaining state law claims may allow Defendants to assert a defense based on federal law, this Court should exercise its discretion and maintain jurisdiction. Since the federal claim has been withdrawn while this case is still in its infancy, though, and the amended complaint possesses no independent basis of federal jurisdiction, it is appropriate for this Court to remand the case to the Summit County, Ohio, Court of Common Pleas. *See Sagglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (quoting *Gibbs*, 383 U.S. at 726) ("If the federal claims are dismissed before trial, . . . the state claims [generally] should be dismissed as well."); *Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). As such, the Court hereby **REMANDS** this case to the Summit County, Ohio, Court of Common Pleas.

IT IS SO ORDERED.


Dated: September 10, 2007         *s/  Sara Lioi*
                                                     **HONORABLE SARA LIOI**
                                                     **UNITED STATES DISTRICT JUDGE**